IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

MALIN INTERNATIONAL SHIP
REPAIR & DRYDOCK, INC.    *
             * C. A. NO. 3:12-CV-304
  **Plaintiff**       * ADMIRALTY 9(h)
             *
vs.            *
             *
OCEANOGRAFIA, S.A. de C.V.,  *

  **Defendant**


## OCEANOGRAFIA'S MOTION AND MEMORANDUM FOR RECONSIDERATION OF ORDER ADOPTING MAGISTRATE'S RECOMMENDATION TO DENY MOTION TO VACATE ATTACHMENT

In this Court's recent ruling of August 24, adopting the Magistrate's recommendation that Oceanografia's motion to vacate the attachment of the bunkers be denied, this Court relied heavily on the *Kingston* opinion written by Judge Learned Hand.

*Kingston* is, however, distinguishable in a crucial respect. *Kingston* involved a contract to sell canal boats under which the defendant had already made payments. The defendant did not yet have full legal title because that would pass only upon the making of the final payment, which had not yet occurred. Under the controlling New York law, moreover, a conditional buyer in such circumstances was treated as the owner for most purposes; the seller retained an ownership interest only to secure payment of the rest of the purchase price to be paid. These facts relating to the Kingston case were discussed in a later

1

opinion of the U.S. Third Circuit Court of Appeals.  See *McGahern v. Koppers Coal Co.,* 108 F.2d 652, 653 (3RD Cir. 1940)(noting that, in *Kingston,* although the boats had not yet been fully paid for at the time of the attachment, such that formal title had not passed, the New York law that controlled stipulated that "title is reserved to the seller in such circumstances merely as security for the purchase price.  For all practical purposes, the buyer is treated as the owner.").  Thus, the buyer's ownership interest in the canal boats is evidently what was subject to attachment in the *Kingston* case.

In the *Kingston* opinion itself, Judge Hand noted that "the attachment did not reach the interest of the conditional seller."  *Kingston Dry Dock Co. v. Lake Champlain Transp. Co.*, 31 F.2d 265, 265 (2d Cir. 1929).  Thus, to the extent that the seller still had an interest in the canal boats, they were not subject to attachment.  Clearly, Judge Hand was referring here to the conditional seller's residual ownership interest – that is, the ownership interest that remained in the seller owing to the fact that the canal boats had been only partially paid for at the time of the attachment.  Indeed, Judge Hand could not have been referring to anything else.

To the extent that the defendant/buyer had already made payments, by contrast, the defendant/buyer had an (ownership) interest in the canal boats that was properly subject to attachment.  That is an uncontroversial point.

Let us consider how these principles apply in our case. In our case, it is undisputed and established that the conditional seller (Cal-Dive) had not been paid anything for the

2

bunkers at the time of the attachment.  Thus, unlike the partially paid seller in *Kingston*, the conditional seller's residual ownership interest in the bunkers remained at 100%.  Under the rationale of *Kingston*, "the attachment did not reach the interest of the conditional seller."  Thus, no part of the bunkers were subject to attachment.

This is also reflected elsewhere in the *Kingston* opinion, when Judge Hand writes:  "While we can find nothing on the point, it appears to us absurd to suppose that, although the respondent's interest could thus have been garnished, had the boats been in the possession of the conditional seller, it may not be attached by manucaption while they were in its own."  *Id*., at 267.   Indeed, the canal boats could have been garnished in the hands of the conditional seller.  But only to the extent of the defendant/buyer's interest in them.  That interest could only have been defined by the payments already made by the defendant/buyer – payments that defined the extent of the defendant/buyer's (ownership) interest in the boats.

To the extent that the defendant/buyer had not yet paid for the boats, the conditional seller retained an (ownership) interest in them, and the seller's residual interest plainly could not have been garnished (had the boats still been in the seller's possession) by a creditor of the buyer.  Just as an attachment could "not reach the interest of the conditional seller," neither could a garnishment.

In discussing *Kingston,* this Court noted that there, "Judge Hand concluded that common law principles supported the sufficiency of possession for attachment because, although 'a conditional buyer has no title ... [i]t would be curious if possession coupled with

a conditional right to title, could now be thought insufficient to support a seizure.' The Court finds this reasoning persuasive." This was not, however, the reasoning upon which Judge Hand relied. As Judge Hand went on to explain, this issue was not to be decided under common-law principles. "However that may be," he wrote (referring to the supposed outcome under common-law principles), "we are dealing with matters derived not form the common law, ... but from a custom borrowed from the civil law." Id., at 267. Judge Hand went on to decide the issue by analogizing to the outcome that would be appropriate in the related garnishment context, borne of the same civil law tradition as the attachment right.

As discussed above, the analogy to the garnishment context respectfully indicates that the bunkers were not subject to attachment.

In short, we respectfully submit that, contrary to the Court's recent ruling, the *Kingston* case is actually perfectly consistent with Oceanografia's position. *Kingston* involved a conditional buyer that had made payments and had thereby acquired an ownership interest in the canal boats that were attached. As the Third Circuit confirmed in *McGahern*, the conditional buyer in *Kingston* had an ownership interest in the canal boats. That certainly justified their attachment.

In our case, by contrast, it is undisputed that Oceanografia had no ownership interest in the bunkers at the time of their attachment.

For these reasons, and those previously stated, Oceanografia respectfully submits that this Court should reconsider its ruling of August 24; should overrule the magistrate's

4

recommendation to sustain the attachment; and should grant Oceanografia's motion to vacate the attachment as improperly made against property (the bunkers) belonging to another at the only time that counts: the moment of the attachment.

Respectfully submitted,
**HARRIS & RUFTY, L.L.C.**
   s/Alfred J. Rufty III
ALFRED J. RUFTY III (La.Bar #19990)
(rufta2990)
650 Poydras St., Ste 2710, New Orleans, LA 70130
Telephone: (504) 525-7500
Attorneys for Oceanografia S.A. de C.V.

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2012, I electronically filed the foregoing with the Clerk of Court utilizing the CM/ECF system and to counsel of record through the ECF filing system.

<u>      /s/   Alfred J. Rufty III                      </u>