IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MALIN INTERNATIONAL SHIP REPAIR & DRYDOCK, INC., Plaintiff, | § § § § | |
| | § | CIVIL ACTION NO. 3:12-CV-00304 |
| v. | § | |
| | § | ADMIRALTY 9(h) |
| OCEANOGRAFIA, S.A. de C.V., Defendant. | § § § | |

## MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT

Intervenor, Cal Dive Offshore Contractors, Inc. ("Cal Dive"), files this Motion to Intervene as a party-defendant, as authorized by Federal Rule of Civil Procedure 24.

### INTRODUCTION & BACKGROUND

1.   Plaintiff is Malin International Ship Repair & Drydock, Inc. ("Malin"); defendant is Oceanografia S.A. de C.V. ("OSA"), a Mexican company; intervenor is Cal Dive.

2.   Malin sued OSA for breach of contract and quantum meruit for unpaid work that Malin claims it performed for OSA in 2008. The invoices, however, were directed to Con-Dive, LLC, an entity that has not been made a party to Malin's lawsuit. Moreover, the work was performed some four years before Malin filed suit, thereby subjecting the claims to limitations and/or laches defenses.

3.   Pursuant to Supplemental Admiralty Rule B, Malin also seized a vessel owned by Cal Dive, the M/V KESTREL, as security for the debt allegedly owed by OSA. At the time, the M/V KESTREL was under bareboat charter to OSA.

4.   Realizing that it had seized property that did not belong to OSA, Malin amended its complaint and sought to seize only the bunkers aboard the M/V KESTREL, which it claimed

were the property of OSA. Thereafter, OSA and Cal Dive sought to vacate Malin's seizure of the bunkers so the M/V KESTREL could embark from the Port of Galveston to be used by OSA under the terms of the bareboat charter with Cal Dive.

5. After several motions, responses, replies and a hearing, the efforts to vacate the seizure were denied. Cal Dive, therefore, was forced to obtain a bond in the amount of approximately $230,000 in lieu of the bunkers to secure Malin's claim and permit the M/V KESTREL to embark. In other words, while Malin's causes of action are asserted solely against OSA, due to the bond it is Cal Dive who can be ultimately held responsible for any judgment Malin might obtain.

6. Accordingly, Cal Dive has been working with OSA to either assume the bond or otherwise mount a defense against Malin's claims. However, OSA has been and continues to be under severe financial distress, with at least one of its creditors, Citigroup, claiming fraud in March of this year with respect to a multi-million dollar loan. It appears the Mexican government has also seized control of OSA and is now seeking to force it into bankruptcy. Consequently, because Cal Dive potentially must pay damages to Malin pursuant to the bond should Malin prevail on its claims against OSA and because OSA appears not to be mounting an adequate defense to Malin's claims due to its financial condition, Cal Dive seeks to intervene in this matter.

### ARGUMENT & AUTHORITIES

7. Cal Dive seeks to intervene in this case because it has a right to do so, or, in the alternative, Cal Dive seeks permissive intervention. Federal Rule of Civil Procedure 24 permits a party to voluntarily join a pending lawsuit by filing a motion to intervene. Fed. R. C. P. 24. The rule permits a party to intervene as a matter of right or intervene permissively. *Id.*

### A.     Intervention As a Matter of Right

8.     Cal Dive has a right to intervene in this lawsuit because it has an interest in the suit. Under rule 24(a)(2), an applicant may intervene if it has an interest in the subject matter of the pending suit and the disposition of the suit may impair its interest. *See* Fed. R. Civ. P. 24(a)(2); *Davis. v. Butts*, 290 F.3d 1297, 1300 (11th Cir.2002).

9.     More specifically, an applicant may intervene if it can show that (1) it has a direct, substantial and legally protectable interest in the subject matter of the suit; (2) there is a risk that the intervenor's ability to protect its interest may be impaired by an unfavorable disposition and (3) the present parties in the suit may not adequately represent the intervenor's interest. *John Doe #1 v. Glickman*, 256 F.3d 371, 379 (5th Cir.2001); *City. of Hous. v. Am. Traffic Solutions, Inc.*, 668 F.3d 291, 293-94 (5th Cir.2012). The applicant must also show the intervention is timely. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir.2009).

10.    Cal Dive has a direct, substantial and legally protectable interest in suit by virtue of its $230,000 bond that secures Malin's claims. It is not a general or indefinite interest, which is insufficient to support an intervention. *Medical Liab. Mut. Ins. v. Alan Curtis, LLC*, 485 F.3d 1006, 1008-09. Instead, it is directly connected to the case at hand because it is the only security for Malin's claims and, as a result, Cal Dive has a legal right to protect it. *See, e.g., Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir.1970).

11.    Absent Cal Dive's intervention, there is a substantial risk, if not an unqualified certainty, that its interest – the bond – will be not only be impaired by an unfavorable disposition but likely completely eviscerated because Malin will undoubtedly seek to collect on it. Finally, it is clear that the present parties to the lawsuit will not and/or cannot adequately protect Cal Dive's bond.

12. Clearly, Malin has no interest in protecting Cal Dive's bond. OSA also has no interest in protecting Cal Dive's bond because doing so would subject OSA's assets to collection instead of Cal Dive's bond. Moreover, given OSA's financial circumstances, it may not have the resources, whether those are money, time, motivation and/or otherwise, to protect Cal Dive's bond. Cal Dive is the only party who can adequately protect its bond.

13. Cal Dive's motion is timely because the intervention is sought as a matter of right, the suit has not progressed particularly far, the extent of OSA's financial difficulties only recently surfaced thereby only recently putting Cal Dive on notice of the need to intervene, and there would be little to no prejudice to the current parties if intervention is granted yet substantial prejudice to Cal Dive if it is not. *See Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir.2011) (concerning the timeliness factors). Accordingly, the Court should grant Cal Dive's Motion to Intervene because Cal Dive has shown it is has a right to do so.

**B. Permissive Intervention**

14. While Cal Dive maintains its right to intervene, in the alternative Cal Dive is entitled to permissive intervention because its defense and this suit have a common questions of law and fact. Part "b" of rule 24 permits "anyone to intervene who: (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).[1]

15. Cal Dive has a defense to collection on the bond that is concerned only with whether Malin can prove its claims for breach of contract or quantum meruit or whether Cal Dive can prove an affirmative defense, such as laches. OSA's defense is the exact same – it is concerned only with whether Malin can prove its claims or whether OSA can prove an

---

[1] Cal-Dive must also show timeliness for permissive intervention, but the standard is the same for that under a right to intervene, which Cal-Dive shows it satisfies in paragraph 12, supra.

affirmative defense. Both Cal Dive's and OSA's defenses rest on the exact same issues of law and fact.

16. Accordingly, it is not enough to say that Cal Dive and OSA share only *common* questions of law and fact, which is the standard – it is more than that – they share the *exact same* questions of law and fact. *See* Fed. R. Civ. P. 24(b)(1)(B). Therefore, it is clear that Cal Dive is entitled to permissive intervention, and Cal Dive respectfully requests that the Court grant it.

17. The Answer in Intervention is filed herewith.

WHEREFORE, Intervenor, Cal Dive Offshore Contractors, Inc. ("Cal Dive"), prays that this Motion to Intervene as a party-defendant be granted, that Cal Dive's Answer in Intervention be accepted by the Court for filing in this case, and for such other relief, legal and equitable, to which Cal Dive may show itself justly entitled.

Respectfully Submitted,

**ADAMS AND REESE, LLP**

By: /s/ Matthew Storey
Matthew Storey
Texas Bar & Federal ID No.: 24060669
Attorney-in-charge
matt.storey@arlaw.com
1221 McKinney St., Ste. 4400
Houston, Texas 77010
Tel.: (713) 652-5152
Fax: (713) 652-5151

*ATTORNEY-IN-CHARGE FOR INTERVENOR, CAL DIVE OFFSHORE CONTRACTORS, INC.*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for plaintiff, Malin, and counsel is opposed to the filing of this motion. Counsel for Intervenor attempted to confer with counsel for OSA prior to the filing of this motion but was unable to do so prior to filing the motion because of the need to file it urgently.

                                        */s/ Matthew Storey*
                                        Matthew Storey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this 9th day of July, 2014:

***Via E-Filing Service***
Robert A. Davee
Andy Soto
Mills Shirley, LLP
17225 El Camino Real, Suite 450
Houston, TX 77058

***Via E-Filing Service***
Alfred J. Rufty, III
Harris & Rufty, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, LA 70130

                                        */s/ Matthew Storey*
                                        Matthew Storey